FILED

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JUL 11 2000

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BILLY RANDOLPH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NUMBER |
| | ) | |
| DRUMMOND COMPANY, INC., | ) | 99-C-0404-S |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION GRANTING PLAINTIFFS'
MOTION FOR CLASS CERTIFICATION**

Named Plaintiffs John Ivan Poe, Stevenson L. Duncan, and Anita Louise Henderson have moved the Court to certify a class defined as follows:

> All employees of the Drummond Company, Inc., and members of the United Mine Workers of America who entered service at the Shoal Creek Mine after the effective date of the May 1988 amendment to the Manning and Wage Agreement Provisions For the Shoal Creek Mining Complex, and whose seniority status and benefits at the Shoal Creek Mine were decreased and/or eliminated because of the Amendment.

Because the named Plaintiffs meet all of the requirements of F.R.Civ.P. 23(a)[1] and (b)(2),[2]

---

[1] Federal Rule of Civil Procedure 23(a) states as follows:

23(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the

the motion will be granted.

I

The named Plaintiffs are employees of Defendant Drummond Company, Inc. ("Drummond"), and members of the United Mine Workers of America ("UMW"). Each of them were employed by Drummond over a quarter century ago and assigned to Drummond's Mary Lee #1 Mine ("ML#1M"). Following the closing of the ML#1M, Poe and Duncan entered service at the Shoal Creek Mine ("SCM") in August 1998. Henderson entered service at SCM some five months later.

Until May 1998, company-wide seniority was utilized for promotions and layoffs at SCM. After it was announced in 1997 that ML#1M would close, the UMW Local 1948 ("the local") initiated an Amendment to the extant contract with Drummond, which was ultimately agreed to by Drummond. The Amendment, effective May 1998, provides that mine seniority would henceforth be used for promotions and layoffs.

The effect of the Amendment is to preclude members of the putative class from using their company seniority to resist layoffs by SCM. As a result of the Amendment,

---

claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

[2] Federal Rules of Civil Procedure 23(b)(2) states as follows:

23(b)(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

members of the putative class have now been laid off while employees with less company seniority, but greater SCM mine seniority, have been retained.

II

The named members of the class are members of the class they purport to represent.

There are seventy-six (76) members of the putative class. Thus, the class is so numerous that joinder of its members is impracticable.

Without question, there are common questions of law and fact in the case.

The claims of the named Plaintiffs are not only typical of, but they are identical to the claims of the unnamed members of the class.

The named Plaintiffs have convinced the Court that they will adequately represent the interests of the unnamed members of the class. Their interests are not antagonistic to those of the unnamed class members; and no collusion has been shown. Plaintiffs' counsel are experienced, competent, and generally able to manage this litigation.

It is undeniable that Defendants have acted on grounds generally applicable to the class. Should the class prevail on the merits of its claims, declaratory and final injunctive relief will be appropriate with respect to the class as a whole.

Based on these findings, the case will be certified as a class action under F.R.Civ.P. 23(b)(2).

DONE this \_\_\_\_11th\_\_\_\_ day of July, 2000.

_____
UNITED STATES DISTRICT JUDGE
U. W. CLEMON